UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
OCT 24 2005
CLERK'S OFFICE
DETROIT

TODD DANIELS,

    Petitioner,

v.

BLAINE LAFLER,

    Respondent.
_____/

Case Number: 04-CV-71418

HONORABLE DENISE PAGE HOOD

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner Todd Daniels, through counsel, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On May 26, 2005, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Now before the Court is Petitioner's Motion to Issue Certificate of Appealability.

Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

"When a habeas applicant seeks permission to initiate appellate review of the

dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability "should issue . . .if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In his habeas corpus petition, Petitioner presented the following six claims:

I. Whether there was insufficient evidence to support the verdict, where there was insufficient evidence to support that Petitioner shared the intent of the principal or caused the fire.

II. Whether Petitioner was improperly deprived of his right to counsel where the court fired his attorney outside Petitioner's presence, because attorneys for codefendants had acted improperly.

III. Whether Petitioner was prejudiced by improper actions of the prosecutor.

IV. Whether the jury instructions on aiding and abetting denied due process.

V. Whether Petitioner's statement to police was involuntary and its admission denied due process of law.

VI.     Whether Petitioner was prejudiced by ineffective assistance of counsel.

In his first claim for habeas corpus relief, Petitioner argued that the prosecutor presented insufficient evidence to sustain his convictions because Petitioner was merely a witness to a fire being set by McKinney, and did not share McKinney's intent. The Michigan Court of Appeals held that, viewing the evidence in a light most favorable to the prosecution, sufficient evidence was presented to show that Petitioner aided and encouraged McKinney in setting the fire while knowing that McKinney possessed an intent to kill. People v. Daniels, No. 210014, slip op. at 2 (Mich. Ct. App. Oct. 3, 2000). This Court reviewed the evidence presented which supported Petitioner's convictions, and concluded that the state court's application of Jackson v. Virginia, 443 U.S. 307 (1979), was not contrary to or an unreasonable application of Supreme Court precedent. The Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's sufficiency of the evidence claim to be debatable or wrong. Accordingly, the Court holds that Petitioner is not entitled to a certificate of appealability with respect to this claim.

In his second claim for habeas relief, Petitioner alleged that he was denied his Sixth Amendment right to counsel when the trial court replaced Petitioner's court-appointed attorney with a different court-appointed attorney when Petitioner was not present and without notifying Petitioner. This Court held that the appointment of substitute counsel did not violate Petitioner's right to counsel because Petitioner's

3

substitute counsel was not ineffective. Therefore, although Petitioner was not represented by the counsel he preferred, he was not deprived of a fair trial. *See* Wheat v. U.S., 486 U.S. 153, 159 (1988), *quoting* Strickland, 466 U.S. at 689. ("[T]he purpose of providing assistance of counsel 'is simply to ensure that criminal defendants receive a fair trial.'") The Court finds that jurists of reason could find it debatable whether the petition states a valid claim of the denial of a constitutional right with respect to this claim. Thus, the Court shall issue a certificate of appealability with respect to Petitioner's second claim for habeas corpus relief.

Petitioner next claimed that the prosecutor engaged in misconduct because he was quoted in a newspaper article regarding the problem of revenge arson fires in the city of Detroit and, during his closing argument, asked the jury to base its verdict on sympathy and argued facts not in evidence. The last state court to address this claim, the Michigan Court of Appeals held that the issue was not preserved for appellate review because Petitioner failed to object to the prosecutor's conduct at trial. Daniels, slip op. at 3. The Court held that the state court's judgment clearly rested on a procedural bar and the doctrine of procedural default was invoked. *See* Simpson v. Jones, 238 F.3d 399, 408 (6th Cir. 2000). The Court held that Petitioner failed to establish cause and prejudice to excuse his default and that failure to consider the claim would not result in a miscarriage of justice. Accordingly, Petitioner's claim was procedurally defaulted. The Court finds that jurists of reason would not find the Court's procedural ruling to be debatable or

wrong. Thus, the Court shall deny a certificate of appealability with respect to this claim.

Next, Petitioner claimed that the jury instructions deprived him of his right to due process because they did not adequately state Michigan law with respect to aiding and abetting felony murder and assault with intent to murder. The Court held that Petitioner failed to show that the state court's finding that the jury instructions were adequate was contrary to or an unreasonable application of Supreme Court precedent. The Court finds that jurists of reason could find it debatable whether the petition states a valid claim of the denial of a constitutional right with respect to this claim. Thus, the Court shall issue a certificate of appealability with respect to Petitioner's fourth claim for habeas corpus relief.

In his fifth claim for habeas relief, Petitioner claimed that the trial court erred in admitting his statement to police because the statement was involuntarily given. Petitioner alleged a three-hour delay between the time he was arrested and finally brought to the police station established that his statement to police was involuntary. The state court held that Petitioner failed to show that he was coerced by police. This Court held that the state court's finding was not contrary to nor an unreasonable application of Supreme Court precedent. The Court concludes that reasonable jurists would not find the Court's assessment of this claim to be debatable or wrong. Accordingly, the Court holds that Petitioner is not entitled to a certificate of appealability with respect to this claim.

Finally, Petitioner argued that his trial attorney rendered ineffective assistance in:

5

(i) failing to show the jury that the side of the house Petitioner was on had no fire and no gas; (ii) admitting that Petitioner had poured gas over Petitioner's objections; (iii) failing to call four witnesses in support of his claim that he was coerced into making a statement; (iv) failing to object to prosecutorial misconduct and erroneous jury instructions; (v) failing to investigate and present a defense; and (vi) failing to present evidence that Petitioner was coerced and threatened with violence if he did not confess.[1]

The Court held that Petitioner's attorney was not ineffective in failing to object to the jury instructions. The Court has concluded that a certificate of appealablity shall be issued with respect to Petitioner's jury instruction claim because reasonable jurists might find the Court's assessment of the jury instruction claim to be debatable or wrong. Therefore, the Court also shall issue a certificate of appealability with respect to Petitioner's claim that his attorney was ineffective in failing to object to the instructions.

With respect to his claim that his attorney was ineffective in failing to show the jury that the side of the house Petitioner was on had no fire and no gas and in admitting that Petitioner had poured gasoline on one side of the house over Petitioner's objections, the Court noted that, in his cross-examination of the fire investigator, Petitioner's attorney

---

[1] In his Motion to Issue Certificate of Appealability, Petitioner notes that the Court included an incorrect citation in its discussion of his ineffective assistance of counsel claims. On page 27 of its Opinion and Order Denying Petition for Writ of Habeas Corpus, the Court attributed the following quote: "fishing expeditions based on a petitioner's conclusory allegations" to the Supreme Court's decision in Bracy v. Gramley, 117 S. Ct. 1793, 1799 (1997). The correct citation is: Williams v. Bagley, 380 F.3d 932, 974 (6th Cir. 2004). The citation error does not impact the Court's analysis.

6

elicited testimony that there was unburned gasoline on one side of the house. Petitioner failed to show what additional or alternative testimony counsel should have elicited regarding the gasoline at the house. Second, in his statement to police, Petitioner admitted to pouring gasoline on one side of the home. Thus, the Court held that Petitioner failed to show that his attorney was ineffective in referencing something admitted in Petitioner's own statement to police.

The Court next found Petitioner's conclusory allegation that his attorney was ineffective in failing to call four witnesses to support his claim that he was coerced into making a statement to police was insufficient to establish ineffective assistance of counsel.

The Court found that Petitioner's attorney was not ineffective in failing to object to alleged prosecutorial misconduct because he failed to establish that the prosecutor engaged in misconduct.

Finally, the Court denied Petitioner's claim that his attorney was ineffective in failing to investigate and present a defense, holding that such unsupported allegations were insufficient to support an ineffective assistance of trial counsel claim. *See* Bowen v. Foltz, 763 F.2d 191, 194 (6th Cir. 1985) (holding that in order to establish ineffective assistance of counsel, a petitioner must make more than merely speculative, vague assertions).

The Court declines to issue a certificate of appealablity with respect to Petitioner's

ineffective assistance of counsel claims, with the exception that the Court shall issue a certificate of appealability on Petitioner's claim that his attorney was ineffective in failing to object to jury instructions.

Accordingly, **IT IS ORDERED** that a certificate of appealability is **GRANTED** with respect to Petitioner's claims that he was denied his right to counsel, that the trial court gave erroneous jury instructions, and that his attorney was ineffective in failing to object to the jury instructions and **DENIED** with respect to Petitioner's remaining claims.

*/s/ Denise Page Hood*
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: **OCT 2 4 2005**